THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RONNIE TURNER, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 4:07-CV-717-Y | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Ronnie Turner, TDCJ #1336062, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Turner is serving a forty-five year sentence for his 2005 conviction for aggravated robbery

with a deadly weapon in Case No. 0941085D in the Criminal District Court Number Three of Tarrant County, Texas. (Clerk's R., vol. 2, at 461) Turner appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment on October 5, 2006, and the Texas Court of Criminal Appeals refused his petition for discretionary review on February 7, 2007. *Turner v. Texas*, No. 2-05-427-CR, slip op. (Tex. App.–Fort Worth Oct. 5, 2006) (not designated for publication); *Turner v. Texas*, PDR No. 1766-06. Turner filed this federal petition for writ of habeas corpus on November 20, 2007.

### D. RULE 5 STATEMENT

Quarterman maintains that Turner's claims have not been properly exhausted in the state courts as required by 28 U.S.C. § 2254(b) and (c), and he moves for dismissal of the petition on exhaustion grounds. (Resp't Motion to Dismiss at 4-6)

### E. EXHAUSTION OF REMEDIES IN STATE COURT

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*,

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the

(continued...)

169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

The record substantiates Quarterman's assertion that Turner has not exhausted his state court remedies in a procedurally correct manner with respect to the claims presented. Although Turner has attempted to exhaust one or more of the claims by filing numerous state habeas applications raising the issue(s) in the Texas Court of Criminal Appeals, at least five of those applications have been dismissed by the state court because his direct appeal remained pending. *See Ex parte Turner*, Application Nos. WR-63,583-01, WR-63,583-03, WR-63,583-04, WR-63,583-06 & WR-63,583-11. Turner's most recent state habeas application remains pending at this time, and the Texas Court of Criminal Appeals has remanded the action to the trial court for an evidentiary hearing. *See* http://www.cca.courts.state.tx. Consequently, the state's highest court has not been afforded a fair opportunity to consider and rule on the merits of Turner's claims, and the claims are unexhausted for purposes of federal habeas review. Turner must first pursue his state habeas corpus remedies through completion before seeking relief under § 2254. Absent a showing that state remedies are

---

[1](...continued)
    question presented.

3

inadequate, such showing not having been demonstrated by Turner, he cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of this petition for lack of exhaustion is warranted so that Turner can fully exhaust his state court remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

Turner has filed a motion to stay this action (docket #37) so that he may exhaust his state remedies. Where a petitioner fails to exhaust his claims in state court, a federal court has the discretion to either stay and abate or dismiss the action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Turner has not demonstrated good cause for his failure to exhaust his state remedies before filing his federal petition.

## II. RECOMMENDATION

It is therefore recommended that Turner's motion to stay be DENIED and his petition be DISMISSED without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

4

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 29, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 29, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 8, 2008.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE